EFFRON, Chief Judge
(dissenting):
Appellee was charged with assault with intent to commit rape. The military judge instructed the members on two lesser included offenses, indecent assault and assault consummated by a battery. Defense counsel requested that the military judge instruct the members on the defense of mistake-of-fact as to consent with respect to the primary charge, as well as to the lesser included offense of indecent assault. Defense counsel waived the mistake-of-fact instruction with respect to the offense of assault consummated by a battery. United States v. Gutierrez, 64 M.J. 874, 375-76 (C.A.A.F.2007). The members found Appellee not guilty of assault with intent to commit rape. They found Appellee guilty of one of the two lesser included offenses, assault consummated by a battery.
The United States Army Court of Criminal Appeals concluded that the actions of defense counsel, in waiving the mistake-of-fact defense instruction with respect to the offense of assault consummated by a battery, deprived Appellee of his constitutional right to the effective assistance of counsel. United States v. Gutierrez, No. ARMY 20040596, slip op. at 13-14 (A.Ct.Crim.App. Oct. 31, 2007). The question before us is whether the error was prejudicial.
The two lesser included offenses at issue shared the common elements of infliction of bodily harm with unlawful force or violence by “touching [PFC EM’s] breasts and vagina with his hands.” For these common elements, the military judge provided the same instructions for both of the lesser included offenses. Each offense also involved the issue of whether Appellee mistakenly believed that PFC EM consented to the touching at issue. Mistake-of-fact would have been a complete defense to each offense. See Gutierrez, 64 M.J. at 377. As noted by the court below, the record does not establish that defense counsel had a reasonable strategic basis for waiving the mistake-of-fact instruction for only one of the lesser included offenses: assault consummated by a battery. Gutierrez, No. ARMY 20040596, slip op. at 10-13.
The majority concludes that any error was not prejudicial, relying on admissions in a pretrial statement made by Appellee. United States v. Gutierrez, 66 M.J. at 331-32 (C.A.A.F.2008). I respectfully disagree. The admissions in the pretrial statement applied to all of the offenses, not just the offense of which Appellee was found guilty— assault consummated by a battery. The only offense of which Appellee was found guilty was the offense for which the members did not receive a mistake-of-fact instruction. In that context, the court below correctly concluded that Appellee demonstrated a reason *333 able probability that the result of his court-martial would have been different absent counsel’s inappropriate waiver.